IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DALE MAISANO, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:14-cv-00559 |
| CANTEEN / TRINITY CORRECTIONAL FOOD SERVICES, INC., *et al.*, | ) Judge Trauger |
| Defendants. | ) |

## ORDER

Before the court are a *pro se* complaint (ECF No. 1) and an application to proceed *in forma pauperis* (ECF No. 2) filed by plaintiff Dale Maisano.

As an initial matter, the court finds that the plaintiff has made some effort to comply with the restraining order entered against him on August 11, 1992 by Senior United States District Judge Stephen M. McNamee, *see Maisano v. Lewis*, CIV 92 1026 PHX SMM (MS) (D. Ariz. Aug. 11, 1992), insofar as he has submitted a copy of that restraining order (ECF No. 1, at 62) and a photocopied statement titled "Application Pursuant to Court Order Seeking Leave to File" (see ECF No. 1, at 69). He has also provided at least a partial list of the case numbers for the numerous cases he has filed. (ECF No. 1, at 78–87.) Notwithstanding, even assuming compliance with the 1992 restraining order, the court will not authorize the present case to proceed.

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may, under appropriate circumstances, be permitted to file suit without prepaying the civil filing fee required by 28 U.S.C. § 1914(a). The PLRA also provides, however, that a prisoner who would otherwise be qualified to proceed *in forma pauperis* is not eligible to do so if he has,

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In other words, a prisoner-plaintiff who meets this standard—that is, who has "three strikes"—while not precluded from filing a civil lawsuit in federal court, may not do so at taxpayer expense

unless he is under "imminent danger of serious physical injury." *Id.* The effect of the PLRA was to implement "constraints designed to prevent sportive filings in federal court." *Skinner v. Switzer*, 131 S. Ct. 1289, 1299 (2011).

Plaintiff Dale Maisano has filed hundreds of cases that have previously been dismissed for failure to state a claim or for frivolity and is subject to the "three strikes" provision. He seeks to avoid the application of § 1915(g) in this case by claiming that he is under "imminent danger" of serious physical injury. (ECF No. 1, at 4.) In support of that claim, he alleges that he has an "ongoing" problem with the food offered at the prison and that "[a]ll defendants are fully aware" of this problem. (*Id.* at 2.) The plaintiff claims that he is "denied proper food VIA the food shortages / theft by all defendant(s). The plaintiff can't tell you why this is happening but it goes on daily, as it is reported nothing ever changes." (*Id.*) The plaintiff claims that he is ill, has lost more than 30 pounds, is dizzy and weak, and has "scalp sores and rashes from time to time all over his body." (*Id.*) However, even if the court were inclined to grant the plaintiff leave to proceed *in forma pauperis* in this case on the basis that he has alleged facts suggesting imminent danger of serious physical injury, several factors mandate against that course of action.

First, while the plaintiff submitted an application to proceed *in forma pauperis*, the application is a photocopy of an original that was dated and signed on July 1, 2013. The trust fund account statement submitted with the application, as required by 28 U.S.C. § 1915(a)(2), dates entirely from 2008. The plaintiff also submitted a statement by a prison official attesting to the plaintiff's trust account deposits and average income for the prior six months. This statement is somewhat more recent, having been signed and dated on October 17, 2013, but it is still five months old. The court therefore concludes that the plaintiff's *in forma pauperis* application is not properly supported.

Second, the plaintiff has filed other lawsuits in this court alleging that he has been receiving inadequate food and has lost 30 pounds. The court permitted at least one of these lawsuits to proceed, but transferred it to the United States District Court for the District of Arizona as the appropriate venue, pursuant to 28 U.S.C. § 1406(a). *See Maisano v. Corizon Inc.*, No. 3:13-cv-696 (M.D. Tenn. Aug. 1, 2013) (order transferring case, ECF No. 4) (Sharp, J.). The plaintiff could bring his present claims in that already-pending suit.

And third, accepting as true the plaintiff's factual allegations, venue does not lie in this court.

Under 28 U.S.C. § 1391(b)(1), venue lies in the "judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." Venue is inappropriate in Tennessee under this provision because, although one of the defendants named in the complaint, Corizon Health, Inc. ("Corizon"), has its principle place of business in Tennessee, none of the other defendants named in the complaint (including Canteen/Trinity Correctional Food Services, Inc., the State of Arizona, Nurse Practitioner John Modrzejewski, Director Charles Ryan, Warden Tresa Schroeder, Deputy Warden Vega, Arizona Governor Jan Brewer, and Arizona Attorney General Tom Horne) has any connection to the state of Tennessee, and this Court lacks jurisdiction over them. All of the defendants, however, including Corizon, are "residents" of Arizona for purposes of venue. *See* 28 U.S.C. § 1391(c)(2) ("[A]n entity . . . , whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question. . . ."). Accordingly, venue lies in Arizona under § 1391(b)(1), but not in Tennessee.

Under § 1391(b)(2), venue is appropriate in a district "in which a substantial part of the events or omissions giving rise to the claim occurred." The plaintiff is housed at the Arizona State Prison ("ASP") in Tucson, Arizona, and the claims in the complaint are based upon the conditions of the plaintiff's confinement at ASP. Thus, again, the only district in which venue is appropriate under this provision is the District of Arizona.

In short, this action was filed in the wrong venue.[1] Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." This court has, in the past, transferred to the District of Arizona, "in the interest of justice," cases improperly brought by Maisano in the Middle District of Tennessee when Maisano has plausibly alleged imminent danger of serious physical injury. The District of Arizona, however, has recently entered an injunction limiting Maisano to filing one case per month in that district, and expressing notifying this and other district courts that it "**will refuse** any transfers pursuant to 28 U.S.C. § 1406(a) of cases filed by Plaintiff [Maisano] in other districts." *Maisano v. Clark*, No. CV 14-00001-TUC-RCC (D. Ariz. Feb. 20,

---

[1] Section 1391(b)(3) does not apply, as it pertains only to cases in which there is no district in which venue is appropriate under other provisions of the statute.

2014) (Injunction Order, ECF No. 4) (Collins, C.J.). Under the circumstances, the court finds that transfer in the interest of justice is not warranted. This action is instead **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1406(a). If the plaintiff seeks to reassert these claims in the future, he must file suit in the District of Arizona. In doing so, he must submit a properly supported application to proceed *in forma pauperis* and he must comply in all respects with the February 20, 2014 Injunction Order entered by Chief Judge Raner Collins of that court.

It is so **ORDERED**.

This is a final order for purposes of Fed. R. Civ. P. 58.

_____
Aleta A. Trauger
United States District Judge